LAURA A. CONLEY, and another,

*vs.*

INHABITANTS OF WOODVILLE.

Penobscot.    Opinion January 1, 1903.

*Pauper.   Relief by Non-resident.   R. S., c. 24, § 43.*

No statute of this State creates any liability upon part of a municipality to re-imburse an inhabitant of another town for expenses incurred by him in such other town for the relief of a pauper, whose settlement is in the town sought to be held liable for such expenses.  Consequently, an action for such expenses so incurred, not based upon any contract express or implied with the defendant town, cannot be maintained.

Agreed statement.   Judgment for defendant.

Action for board for 77 days of an aged woman whose pauper settlement, for the purposes of this suit only, was admitted to be in the defendant town.

The case is stated in the opinion.

*A. W. Weatherbee*, for plaintiff.

Counsel contended that the defendant town, since with full knowledge of this woman's distressed condition, it suffered her to remain at the house of the plaintiffs without making provision for her, cannot avoid its responsibility, through the neglect of its overseers.

*Hugo Clark*, for defendant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, POWERS, PEABODY, SPEAR, JJ.

WISWELL, C. J.   R. S., c. 24, § 43, provides that: "Towns shall pay expenses necessarily incurred for the relief of paupers by an inhabitant not liable for their support, after notice and request to the overseers, until provision is made for them."   But neither this nor any other statute creates any liability upon the part of a municipality to re-imburse an inhabitant of another town for expenses

incurred by him in such other town for the relief of a pauper. *Warren* v. *Islesborough,* 20 Maine, 442; *Boothby* v. *Troy,* 48 Maine, 560.

In this case the plaintiffs, living in the town of Lincoln, sue the inhabitants of the town of Woodville, for the board of a person having her pauper settlement in the latter town, which board was furnished in the town where the plaintiffs reside, after notice to the defendant town. The statute gives no such remedy.

It is undoubtedly true that a town may become liable to an inhabitant of another town for relief furnished a pauper, by virtue of a contract between the town and the person furnishing relief, but no such contract, either express or implied, is shown in this case.

In accordance with the stipulation of the report, the plaintiffs will be nonsuited.

*Plaintiffs Nonsuit.*